ORIGINAL

FILED
October 01, 2020
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 9, 2020
Lyle W. Cayce
Clerk

No. 20-10231
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

versus

LACEY RENEE BAXTER MOORE, *also known as* LACEY KITTRELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-304-9

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

  Lacey Renee Baxter Moore pleaded guilty to conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 846. She was sentenced, *inter alia*, to 144-months' imprisonment and three-years'

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10231

supervised release. As she did at sentencing, Moore challenges the substantive reasonableness of a standard condition of supervised release which allows "a probation officer to visit [her] at any time at home or elsewhere". She contends the standard visitation condition is not narrowly tailored, as required by 18 U.S.C. § 3583(d)(2), because it lacks any limits on when and where a probation officer may visit her.

This court reviews for abuse of discretion Moore's preserved substantive-reasonableness challenge. *United States v. Ellis*, 720 F.3d 220, 224 (5th Cir. 2013). Although district courts have wide discretion in imposing supervised-release conditions, that discretion is limited by statute. *See* § 3583(d); *see also United States v. Duke*, 788 F.3d 392, 398 (5th Cir. 2015). Supervised-release conditions must involve "no greater deprivation of liberty than is reasonably necessary" for the purposes of deterring criminal conduct, protecting the public from further crimes of defendant, and providing defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §§ 3583(d)(2); 3553(a).

Given the circumstances of this case, such as Moore's extensive criminal history, the district court did not abuse its discretion in concluding a visitation condition without time or location restrictions was not a greater deprivation of liberty than reasonably necessary. *See United States v. Payton*, 959 F.3d 654, 657 (5th Cir. 2020).

AFFIRMED.