UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT -5 2020
CLERK, U.S. DISTRICT COURT
By 12:40 pm
Deputy

UNITED STATES OF AMERICA,

Case No. 4:19-CR-00304-O(09)

V.

LACEY RENEE MOORE,

MOVANT.

MOVANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE UNDER 3582(c)(1)(A)

COMES NOW, Lacey Renee Moore, Pro-Se Movant, and for the above-referenced motion and states as follows:

1. Moore pleaded guilty to Conspiracy, with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 846.

2. Moore was sentenced to 144 Months.

3. Moore tested Positive in July 2020, then the BoP deemed her recovered without a Negative test and Moore still suffers with Symptoms.

4. Just 10 days ago Moore was sent to Medical with a "High Fever and COVID symptoms. However after brief quarantine Moore was sent back to her Unit of 218 Plus Women where she was told "Maybe its the Flu."

5. FMC-Carswell was not prepared when nearly 600 Women tested COVID Positive in a 3 Week Period. It is not Prepared for the Reinfection of COVID-19 that has already started at FMC-Carswell

## Legal Framework

On December 21, 2018, the First Step Act was enacted and amended the Compassionate Release Statute, 18 U.S.C. Section 3582(c)(1)(A), to provide an opportunity for the District Court to entertain a Motion for Compassionate Release absent a direct filing by the Warden of the Movant's respective facility. See Pub. L. No. 115-391, Section 603.

Prior to the First Step Act, 18 U.S.C. Section 3582(c)(1)(A) allowed district courts to reduce a defendant's term of imprisonment only upon the motion of the Director of Bureau of Prisons (B.O.P.) The First Step Act modified Section 3582(c)(1)(A), in turn allowing a defendant to directly appeal to the District after first satisfying her administrative responsibilities of petitioning the Warden of the B.O.P. facility where the defendant in question is incarcerated.

A Court may grant defendant's own motion for a reduction in her sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on defendant's behalf" or after 30 days have passed "from receipt of such a request by the Warden of defendant's facility, whichever is earlier." Id.

If the exhaustion requirement is met, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. Section 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 3582(c)(1)(A)(i).

Moore was one of the first of her Unit to catch Covid-19. She dropped a Request to Warden Carr on July 17, 2020, in the prison mailbox since Warden Carr does not have an email box in which inmates may access. Therefore this Court now has Jurisdiction to hear and rule upon Moore's Compassionate Release under 3582(c)(1)(A).

The Covid-19 itself is an Extraordinary and Compelling Reason.

If that exhaustion requirement is met as it has been by Moore, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. §3553(a)]" if the Court finds that (i) "extraordinary and Compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." §3582(c)(1)(A)(i).

The Policy statement provides that a court may reduce the term of imprisonment after considering the §3553(a) factors if the Court finds that (i) "extraordinary and Compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the Community, as provided in 18 U.S.C. §3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG §1B1.13

The policy statement includes an application note that specifies the "type" of medical conditions that qualify as "extraordinary and Compelling reasons." The Application Note also sets out other conditions and characteristics that qualify as "extraordinary and Compelling reasons" related to the defendant's age and family circumstances. USSG §1B1.13, cmt. n. 1(B)-(C). The policy also sets out and recognizes other grounds that can amount to "extraordinary and Compelling Reasons." This is a "catch-all" provision since Congress failed to define the other grounds.

Moore is the only Parent available to care for her 14 year old son. The father of the Minor Child has reported to CPS Worker, Gibbs that he will not care for ____, the minor child.

This leads to an Extraordinary and Compelling Reason the minor child suffers from:

- Severe ADHD
- Suicidal Idiation
- Other Mental Illness currently being evaluated.

Since the child's father will not care for ____ he is currently being held at ____ and has been there for over 2 months since there is no other care-taker for the minor child Making this an Extraordinary and Compelling Reason.

Moore also believes the mere fact that the 7.7 Kilos she was Charged with on her case was "Ghost Dope". Moore requested on three separate occasions that her attorney withdraw her Plea, but he refused simply stating "That's not how you play with the Feds." Moore was Intoxicated on drugs at the time the Agents took her statements that they used against her. The Agents even asked her the last time she used and she told them she was high at that moment.

Her Attorney failed to let her recant her statement. Moore had used 2 grams of Methamphetamine Intravenously along with pills the day the Agents interogated her.

Co-Defendants Shane Deardiff and Caryl Evans both recanted their statements and were given much lower sentences.

Deerduft was released and Evans only was sentenced to 20 months. Movant Moore Received 144 Months.

On Tuesday, January 28, 2020, a Seventh Circuit Panel questioned whether drug quantity findings based only on Confidential informant reporting, found over a defendant's objection, "was sufficient to support such a substancial increase in the drug quantity finding" in light of due process and other considerations. See United States v. Joel J. Helding, 7th Cir. No. 18-3270 (appended).

Like defendant Moore, the defendant in Helding faced a substantially increased Guidelines prison sentence based on a Confidential informants out-of-Court reports about drug weights. Though Moore wasn't given drug weight by Confidential Informant's she still was prejudiced by the fact that she was intoxicated putting "ghost-dope" on herself as drug weight simply because the Agents said give us something so we can go easy on you...

This is why like co-defendants Deerduft and Evans-Moore wanted to Recant her statement but the Attorney for Moore refused. Moore was not found with any drugs on her person. Due to this fact and under the Supreme Court Case of Booker there is Sentence Disparity among the defendants involved.

Moore now has a weakened Immune System due to already Contracting COVID-19 once. She still has shortness of breath, headaches, body aches and just a few days ago a fever over 100.2 degrees. She stands a strong possibility of catching the Second Strand of COVID as 2 other inmates at FMC-Carswell have already experienced to their detriment.

Under the case of Ledezema-Rodriguez, 2020 U.S. Dist. LEXIS 123539, July 14, 2020; the virus has proven maddeningly difficult to contain to prison facilities. It is also undeniable that an imprisoned American is more likely to contract of COVID-19 than a free one. Thus, the presence of a once-in-a-hundred-years pandemic in or around Defendant's facility CUTS IN FAVOR OF HIS RELEASE.

United States v. Fleming, No. 2:17-cr-00362AB (C.D. Cal. June 24, 2020) Order granting motion to COVID-19 defendant who BOP deemed recovered.

United States v. Davis, 2020 WL 3443400 (E.D.CA. June 23, 2020) Order granting motion over government's argument that motion was Moot because defendant already contracted COVID-19.

United States v. Plank, No. 17-20026-SWL, 2020 WL 3618858 *3 (D. Kansas July 2, 2020) noting secondary contraction of COVID-19 may be possible.

United States v. Scholler, No. 17-cr-00181-SI-1, 2020 WL 2512416 at *5 (N.D. Cal. May 15, 2020) "Parties agree that it remains unclear whether recovering from COVID-19 renders one immune from new infection"

United States v. Kelly, No. 3:13-CR-59-CWR, 2020 WL 2104241 (S.D. Miss. May 1, 2020) FCI Oakdale, granted despite defendant's "youth and lack of health issues."

U.S. v. Muniz, No. 4:09-cr-199, 2020 WL 1540325 at *1 (S.D. Texas 3-3-2020) Serving 188-month sentence in drug conspiracy in light of vulnerability to COVID-19, recognizing "individuals housed within our prison systems nonetheless remain particularly vulnerable to infection."

Maria Neba an inmate at FMC Carswell tested positive for COVID on July 3, 2020, then on August 4, 2020, according to NewsPass Ms. Neba was reported as recovered. Then 8 days later rushed to the Hospital and died showing positive for COVID-19 at the time of her death (BOP PRESS RELEASE INMATE DEATH AT FMC-Carswell August 26, 2020).

A second Inmate Read Forbes has also been reinfected. Forbes tested positive June 2, 2020; Negative July 8, 2020; Then Reinfected Positive July 18, 2020. Then FMC-Carswell falsely reported Forbes as Recovered on August 4, 2020 only for her to be rushed to the Emergency Room with T-Wave Inversion Heart Damage from COVID-19. The Emergency Room reported her a still COVID SYMPTOMATIC - NOT Recovered.

Moore has shown this Court that she had exhausted her administrative Remedy which is attached so this Court has jurisdiction. Moore has shown she has extraordinary and Compelling Reasons.

- Has had COVID-19 - now facing Risk of reinfection
- Weakened Immune System and Continued Symptoms (this is in Medical Records (ordered) will forward once available)
- Has a child with only herself as available Caretaker - Minor child in Mental Hospital until she is released to Care for him.
- "Ghost Dope" Argument

The 10th Circuit under the case of MauMau, 28 CFR 571.60, states if the proceeding requirement is satisfied a Court may reduce a defendant's sentence if it finds the extraordinary and Compelling reason warrant a reduction and that such reason could not reasonably been foreseen by the Court at the time of sentencing.

This was re also agreed to by the 2nd Circuit Court of Appeals in the case of Zullo finding on September 23, 2020 that defendant's May bring Extraordinary and Compelling Reasons as long as defendant has met her administrative

remedies. Congress did not define Extraordinary and Compelling and the Policy Statement is now to defendant's favor.

Wherefore, Movant, Moore Requests that this Honorable Court find that she has exhausted her administrative remedy, she has extraordinary & compelling reason in having COVID-19, she risks being reinfected, her minor son with her being the only parent is an extraordinary and Compelling Reason to grant her Compassionate Release under 3582(c)(1)(A).

Movant is aware of the past criminal history, however under 3142(g) there are conditions this court can place upon defendant where she can care for her minor child and keep herself safe from reinfection. Moore asks this Court allow her to serve the remainder of her sentence on GPS. Moore would reside at ____. Moore has access to healthcare and health insurance and has transportation home.

Respectfully Submitted,

Lacey Renee Moore
FMC Carswell
PO Box 27137
Ft. Worth, TX
76127

TO: Clerk of the Court

From: Lacey Moore
Case No - 4:19-CR-00304-0-(09)

Please send me a blank § 2255 Motion To Vacate or Set Aside.

Thank You!

RECEIVED OCT - 5 2020 12:40pm

Name Lacey Moore
Reg. No. 59230-177
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127



NORTH TEXAS TX P&DC
DALLAS TX 750
1 OCT 2020 PM 4 L

CLERK OF COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
RECEIVED

2020 OCT -5 PM 12:40

DEPUTY CLERK

To: US District Court
501 West Tenth St. Rm #316
Ft Worth TX 76102

Attn: Clerk

Legal Mail

FMC Carswell
P.O. Box 27066
Fort Worth, TX 76127
Mailed: _____

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. (4)